UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.  09-21470-CIV-COOKE/BANDSTRA

LILIANA SCINICA,

    *Plaintiffs*,
v.

BANK OF AMERICA, N.A.,

    *Defendant.*
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

This matter is before me on Defendant Bank of America N.A.'s Motion to Dismiss [D.E. 6], Plaintiffs' Response in Opposition [D.E. 16] and Defendant's Reply thereto [D.E. 24]. I am granting Defendant's Motion as to Count I (Negligence) and of the Complaint.  The motion is denied as to Count II (Breach of Contract), Count III (Negligent Hiring or Retention), Count V (Conversion), Count VI (Civil Theft) and Count VII (Money Received).[1]

### *I. BACKGROUND*

Plaintiff deposited over $4 million in certificates of deposits ("CDs") and money market accounts with Defendant Bank of America ("BOA"). (Compl. at  ¶ 22). Ricardo Figueredo ("Figueredo"), who was employed as the Assistant Branch Manger for BOA's Miami Beach branch, handled all of Plaintiff's requests or concerns regarding her accounts at the bank. (Compl. at ¶¶ 7, 9).  When Plaintiff contacted Figueredo to inquire about her accounts, he assured her that her money was sound, secure and earning interest. (Compl. at ¶ 28).  On or about June 2008, Plaintiff contacted Defendant to inquire about her various CDs and was informed that

---

[1]The Complaint does not contain a fourth count.

Defendant had no record of any CDs in the Plaintiff's name. (Compl. at ¶ 29).  Plaintiff was later informed that Figueredo was no longer employed by Defendant, and that no one at BOA knew anything about the Plaintiff's money. (Compl. at ¶ 30).  Plaintiff has made repeated requests for the return of her funds, but all such requests have been refused and/or ignored by the bank. (Compl. at ¶ 31).

## II. LEGAL STANDARD

In a Rule 12(b)(6) motion to dismiss, "the pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the Plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir.1998).  Nonetheless, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*  To survive a motion to dismiss, a complaint must plead enough factual matter, that, if taken as true, suggests that the elements of the cause of action will be met. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007).  Thus, the well-pleaded factual allegations must be taken as true, and the alleged facts must suggest the required elements of the causes of action on which Plaintiff can recover.

## III. ANALYSIS

### A. Count II - Breach of Contract

Defendant argues that Count II of the Complaint should be dismissed because Plaintiff has stated insufficient facts to support a claim for breach of contract. I disagree.  The elements of a breach of contract claim are (1) a valid contract; (2) a material breach; and (3) damages. *Beck*

*v. Lazard Freres & Co., LLC,* 175 F. 3d 913, 914 (11th Cir. 1999).  Plaintiff alleges that she entered into a written contract with Defendant in the form of bank accounts, CDs and/or money market accounts. (Compl. at ¶ 54).  Plaintiff further alleges that Defendant breached that contract by failing to provide for the return of Plaintiff's funds, provide for safety and security of those funds while in BOA's possession, prevent the theft of those funds by Figueredo, re-invest Plaintiff's funds and/or otherwise failed to live up to its contractual obligations. (Compl. at ¶ 54).  And that she has suffered damages as a result of Defendant's breach. (Compl. at ¶ 55).  I find that Plaintiff has stated sufficient facts in Count II of her Complaint to survive the Defendant's Motion to Dismiss.

### B. Count V- Conversion and Count VI- Civil Theft

Defendant argues that Counts V and VI should be dismissed because Plaintiff's Complaint does not allege that it committed any acts which give rise to a claim of civil theft or conversion.  The Complaint, however, specifically alleges that Defendant and/or its agents committed the wrongful acts. (Compl. at ¶¶ 64–66, 72).  A principal is liable for the tortious conduct of his agent, even though not authorized, if the agent was acting within the course and scope of his employment or his apparent authority. *Life Ins. Co. of N. Am. v. Del Aguila*, 417 So. 2d 651, 652 (Fla. 1982).  Plaintiff alleges that "Figueredo always acted on behalf of the defendant, in the course and scope of his employment, or was held out by the bank as a person authorized to do business with customers..." (Compl. at ¶ 11).  Under the doctrine of apparent authority, an agency will arise when the principal allows or causes others to believe that an individual has authority to conduct the act in question, inducing their detrimental reliance. *Borg-Warner Leasing, a Div. of Borg-Warner Acceptance Corp. v. Doyle Elec. Co., Inc.*, 733 F.2d 833, 836 (11th Cir. 1984).  I find that the facts alleged in the complaint are sufficient to bring

Plaintiff's case within the apparent authority doctrine.[2]

Defendant also argues that these counts should be dismissed based upon Florida's economic loss rule. I disagree.  The economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses. *Indem. Ins. Co. of N. Am. v.  Am. Aviation Inc.*, 891 So. 2d 532, 536 (Fla. 2004).  However, the economic loss rule does not bar intentional tort claims such as conversion and civil theft. *Id.* at 543.  Accordingly, I find that Plaintiff's claims for conversion and civil theft are not barred by the economic loss rule.

### C. Count VII- Money Received

Defendant argues that this count should be dismissed because the Complaint fails to allege that Defendant ever received or continues to posses any benefit to which it was not entitled.  Florida law recognizes the general rule that an action for money had and received, currently treated as an action for restitution, can be maintained where money is paid under a mistake of fact or where money has been obtained through fraud, imposition, extortion, undue advantage or as a result of some other grounds appropriate for intervention by a court of equity. *Berry v. Budget Rent A Car Systems, Inc.*, 497 F.Supp. 2d 1361, 1370 (S.D. Fla. 2007) (citation omitted); *Hall v. Humana Hosp. Daytona Beach*, 686 So. 2d 653, 656 (Fla. 5th DCA 1996).  The thought behind this cause of action is that, in the absence of evidence of some express specific agreement, the law will assume that one who receives and holds money that belongs to another

---

[2]Figueredo's scheme has given rise to several lawsuits involving depositors at Defendant's bank. *Sadarangani v. Bank of Am., N.A.,*09-21001-CIV-KING, 2009 WL 2175631 (S.D. Fla. July 21, 2009); *DeSzterensus v. Bank of Am., N.A.*, 08-22669-CIV-COOKE. In *Sadarangani* and *DeSZterensus*, Judge King and I found that there were sufficient facts plead to support a cause of action for civil theft and conversion against Defendant on the apparent authority doctrine.

has impliedly assumed the obligation of returning it and is, accordingly, in law indebted to the owner for it. *Berry*, 497 F.Supp. 2d at 1370 (citation omitted).

Looking at the Complaint, it is clear that Plaintiff has alleged a claim for money received. Plaintiff alleges that she "deposited several million dollars with Bank of America..." (Compl. at ¶ 22). Plaintiff also alleges that she "has made repeated demands on Bank of America for the return of these funds, but all such requests have been refused and/or ignored by the bank." (Compl. at ¶ 36). Thus, Defendant's Motion to Dismiss is also denied as to Count VII.

**D. Count III- Negligent Hiring or Retention**

Defendant argues that this count should be dismissed because Plaintiff fails to state a claim for either negligent hiring or negligent retention. In order to allege facts sufficient to show breach of a duty to exercise reasonable care in *hiring,* the plaintiff generally must allege facts sufficient to show that (1) the employer was required to make an appropriate investigation of the employee and failed to do so; (2) an appropriate investigation would have revealed the unsuitability of the employee for the particular duty to be performed or for employment in general; and (3) it was unreasonable for the employer to hire the employee in light of the information he knew or should have known. *Garcia v. Duffy*, 492 So.2d 435, 440 (Fla. 2d 1986). In order to allege facts sufficient to show breach of the duty to exercise reasonable care in *retention* of an employee, the plaintiff must allege facts sufficient to show that once an employer received active or constructive notice of problems with an employee's fitness, it was unreasonable for the employer not to investigate or take corrective action such as discharge or reassignment. *Id*. at 441. I find that Plaintiff's Complaint does state a claim for negligent hiring and/or retention.

Specifically, Plaintiff alleges that, when BOA acquired NationsBank, BOA was required

to make an appropriate investigation of Figueredo, but failed to do so. (Compl. at ¶ 58). Plaintiff also alleges that Figueredo was misappropriating customer funds at least ten years before he was hired by BOA, which an appropriate investigation would have revealed. (Compl. at ¶¶ 59, 59a). Alternately, Plaintiff alleges that this information would have been discovered if BOA conducted an investigation after it hired Figueredo. (Compl. at ¶ 60). Finally, Plaintiff alleges that it was unreasonable for BOA to hire and/or retain Figueredo in light of this information. (Compl. at ¶ 62). These factual allegations are sufficient to state a claim for negligent hiring and/or retention. Thus, I am denying Defendant's Motion to Dismiss Count III.

### E. Count I- Negligence

Finally, Defendant seeks dismissal of Count I of the Complaint pursuant to the economic loss rule. I agree. A tort action is barred by the economic loss rule where a defendant has not committed a breach of duty apart from a breach of contract. *Indem. Ins. Co. of N. Am.*, 891 So. 2d at 537. In her breach of contract claim, Plaintiff alleges that Defendants breached the contract between them by "failing to provide the return of Plaintiff's funds, provide for the safety and security of those funds while in the possession of Bank of America, prevent the theft by Figueredo, reinvest Plaintiff's funds and/or otherwise failed to live up to its contractual obligations." (Compl. at ¶ 54). After reviewing Plaintiff's claim for negligence, I find that it does not allege that Defendant committed a breach of duty that is independent of the breach alleged in the breach of contract claim. Accordingly, Defendant's Motion to Dismiss is granted as to Count I of Plaintiff's Complaint.

### IV. CONCLUSION

Accordingly, Defendant's Motion to Dismiss [D.E. 6] is **GRANTED** as to Count I of the Complaint. The motion is **DENIED** as to Counts II, III, V, VI, and VII.

**DONE AND ORDERED** in Chambers, Miami, Florida this 29th day of March 2010.

_____
MARCIA G. COOKE
United States District Judge

cc:

The Honorable Ted E. Bandstra

All counsel of record